## J. C. BALLARD v. TOWN OF CHERRYVILLE.

(Filed 25 November, 1936.)

**Municipal Corporation E f—Right to recover damages resulting to land from sewage disposal plant is predicated upon title and not possession.**

In this action to recover damages to land resulting from defendant municipality's sewage disposal plant, defendant municipality pleaded the three-year statute of limitations, C. S., 441 (3). It appeared that plaintiff executed a deed of trust on the land and thereafter deeded his equity of redemption to his sons, that the deed of trust was foreclosed and bid in by the *cestui que trust,* all more than three years before the institution of the action, and that plaintiff did not again acquire title until less than a year before the institution of the action by deed from the transferee of the purchaser at the foreclosure sale, although plaintiff had been in possession of the land for more than three years next before the institution of this action. *Held:* The measure of damages should have been predicated upon the difference in value at the time plaintiff again acquired title and the date of the institution of the action, and an instruction that the jury should assess as damages the difference in the market value of the land on the date of the institution of the action and the date three years prior thereto, constitutes reversible error.

APPEAL by defendant from *Harding, J.,* at February Term, 1936, of GASTON. New trial.

*Ernest R. Warren, John G. Carpenter, and R. R. Carpenter for plaintiff, appellee.*
*M. A. Stroupe and A. C. Jones for defendant, appellant.*

SCHENCK, J. This is a civil action, instituted 22 November, 1935, to recover damages alleged to have been caused to the land of the plaintiff by a municipal sewage disposal plant maintained by the defendant on land adjacent thereto.

The following verdict was rendered by the jury:

"1. Did the defendant wrongfully damage the premises of the plaintiff, as alleged in the complaint?   Answer: 'Yes.'

"2. What damage, if any, is the plaintiff entitled to recover of the defendant by reason of the said wrongful acts of the defendant, as alleged?   Answer: '$2,500.' "

From judgment based upon the verdict the defendant appealed, assigning as error the following excerpt from the charge, viz.:

"The court charges you, gentlemen of the jury, whatever the plaintiff has shown to you in damages to his property at any time within three years, if any, then he would be entitled to recover as compensation for such damages and the measure of that damage would be the difference between the reasonable market value of the property three years prior to November, 1935, which would be November, 1932, and the date of the commencement of this action.   Plaintiff contends he has shown that this action was commenced November, 1935.   The court charges you the difference would be the reasonable market value in November, 1932, and the reasonable market value in November, 1935—that means the difference between that value, provided you shall find that the depreciation, if you find that there is any depreciation, was brought about by the wrongful acts of the defendant in maintaining a nuisance there, damaging the plaintiff's property.   He would not be entitled to recover any difference brought about by economic conditions."

Since the defendant pleaded the three-year statute of limitations, C. S., 441 (3), the charge as given would have been correct under the authority of *Lightner v. Raleigh,* 206 N. C., 496, but for the uncontradicted evidence to the effect that the plaintiff did not hold title to the land alleged to have been damaged during the entire period of three years next preceding the institution of the action.

The evidence, record and oral, establishes that the plaintiff originally was vested with title to the land alleged to have been damaged, having bought a part of it in 1918 and a part in 1920; on 6 October, 1926, plaintiff conveyed the land by mortgage deed to the Greensboro Joint Stock Land Bank, and upon default by plaintiff the mortgage deed was foreclosed and the mortgagee executed deed to J. S. Duncan, purchaser, which was recorded 26 June, 1933.   Later Duncan conveyed the land to the said Land Bank and the said Land Bank thereafter conveyed it to Howard Ballard by deed dated 1 June, 1934, and Howard Ballard, by deed dated 26 June, 1934, and recorded 23 October, 1935, conveyed the land to the plaintiff; and further, on 23 July, 1928, plaintiff divested himself of all legal or equitable interest in the land by conveying the same to his sons, T. A., Roy, and Will Ballard, and did not again acquire title thereto until he did so by the deed of Howard Ballard purporting

to be executed 26 June, 1934, and actually recorded 23 October, 1935. The plaintiff was not vested with title to the land from 23 July, 1928, to 26 June, 1934.

Notwithstanding the plaintiff was in possession of the land alleged to have been damaged during the three years next preceding the institution of the action, under the factual situation established by the evidence relative to the title of said land the measure of damages suffered by the plaintiff would be the difference, caused by the municipal sewage disposal plant maintained by the defendant, in the market value of said land at the time plaintiff reacquired title thereto, namely, 26 June, 1934, and the market value thereof at the date of the institution of this action, namely, 22 November, 1935.

The assignment of error must be sustained, and a new trial ordered.

New trial.